THACKER, Circuit Judge, concurring:
 

 I join the well reasoned majority opinion. I write separately to highlight my view that our decision in this case should not be read so broadly to place defense attorneys in legal jeopardy for money laundering simply as a result of their representation of criminal defendants in the normal course.
 

 The record before us is replete with evidence that James Michael Farrell was not merely a defense attorney who accepted payments of legal fees from a client charged with drug trafficking, but, rather, he was a willing participant deeply enmeshed in Matt Nicka's large-scale marijuana trafficking organization. As the majority accurately notes, "Farrell crossed the line and became part of the Nicka Organization itself, as its consigliere and fixer." Ante at ---- (internal quotation marks and alterations omitted). Accordingly, I concur with the majority's conclusion that there is more than sufficient evidence to support Farrell's conviction for conspiracy to commit money laundering.
 

 However, with all due respect to the majority, I do not misapprehend the majority's distinction between a lawyer advising a client involved in ongoing unlawful activities and a lawyer representing persons accused of past wrongdoing. I merely have a difference of opinion as to how broadly this opinion should be read. In my view, a lawyer representing a client charged with drug trafficking generally does not "place[ ] himself at great personal risk," and is not "circumscribed in the legal advice that can permissibly be provided." Ante at ----. The fair and proper administration of our criminal justice system depends on a defense attorney's ability to effectively advise and represent his or her client without fear of criminal prosecution. Importantly, Farrell's conviction did not rely on his legal advice, but on his particular -- and, in my view, egregious -- conduct in furtherance of the money laundering conspiracy. And Farrell's conduct in no way reflects the conduct of a criminal defense attorney engaging in zealous representation of his or her client, regardless of the specific legal advice given by that attorney. Accordingly, from my standpoint our decision should be read narrowly and limited to the facts of this case.